IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL K. POWERS, ET AL. | § | |
| | § | |
| v. | § | C.A. NO. V-11-051 |
| | § | |
| RICK THALER, ET AL. | § | |

### OPINION DENYING PLAINTIFF MICHAEL POWERS' MOTION
### FOR RECONSIDERATION OF THE DENIAL OF APPOINTED COUNSEL

This is a civil rights action filed pro se pursuant to 42 U.S.C. § 1983 by several state prisoners based on allegations of mistreatment by defendants while they were incarcerated at the Stevenson Unit in Cuero, Texas. Proceeding pro se, they filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is plaintiff Michael Powers' motion for reconsideration of the denial of appointed counsel. (D.E. 124).

### I. BACKGROUND

On September 26, 2011, plaintiffs filed this lawsuit alleging that, on April 6, 2010, defendants were deliberately indifferent to their health and safety when they forced the plaintiffs to sit in the sun for over five hours, without adequate water or restroom facilities, and later, denied them medical attention for the injuries they sustained that day. (D.E. 1). In addition, plaintiffs claim that defendants retaliated against them for vocalizing their complaints about the treatment that day. Id.

Previously, all seven plaintiffs filed a motion for court-appointed counsel. (D.E. 3). That motion was denied on November 3, 2011. (D.E. 33). Then plaintiff Powers filed a motion by himself seeking reconsideration of the denial. Specifically, he argued that of the five law practices that they proposed to have as court-appointed counsel, plaintiffs had contacted all five, but only one responded and only to reject their request for representation. On November 21, 2011, that motion to

reconsider was denied.  (D.E. 48).

## II.  DISCUSSION

**A.      Plaintiff's Motion Is Untimely.**

A motion to reconsider is timely "filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).  The order denying appointed counsel was issued on November 3, 2011.  (D.E. 33).  Plaintiff Powers' pending motion for reconsideration was dated July 8, 2012 and thus was untimely filed.

**B.      Legal Standard For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted); accord Kossie v. Crain, 602 F. Supp. 2d 786, 793 (S.D. Tex. 2009) (citation omitted).  Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits.  Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted); accord Kossie, 602 F. Supp. 2d at 793 (citation omitted).  To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence.  Templet, 367 F.3d at 479; accord Kossie, 602 F. Supp. 2d at 793.

**C.      Plaintiff Michael Powers' Motion To Reconsider The Denial Of Court Appointed Counsel Is Denied.**

Although the pending motion is untimely as a motion for reconsideration, the merits of the request will still be addressed.  No constitutional right to appointment of counsel exists in civil rights cases.  See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Akasike v. Fitzpatrick, 26 F.3d

510, 512 (5th Cir. 1994) (per curiam).  A district court is not required to appoint counsel unless "'exceptional circumstances'" exist.  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)).  The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).

In the pending motion, plaintiff claims that two conditions have changed since the entry of the denial.  First, he maintains that conflicting evidence has now been introduced into the record.  Of course, there is conflicting evidence in the record.  It is a dispute, if both sides agreed with each other then there would be no reason to file a civil rights action.  Second, he asserts that plaintiffs now have to serve discovery on prison officials who supervise them on a daily basis.  This assertion exists in just about any inmate civil rights action and is not extraordinary.  Indeed, even if appointed counsel serves the discovery on defendants, plaintiffs would still be supervised by them on a daily basis.  Moreover, the period for discovery has ended and there is a ripe motion for summary judgment filed by defendants.

Upon careful consideration of the factors set forth in Jackson, the Court finds that appointment of counsel is not warranted at this time.  Regarding the first factor, plaintiffs' civil

rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiffs are in a position to adequately investigate and present their case. Plaintiffs have thus far demonstrated that they are able to communicate adequately and file pleadings with the Court. Indeed, plaintiffs have filed over forty pleadings and filings in this action. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiffs' action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

### III. CONCLUSION

For the foregoing reasons, plaintiff Michael Powers' motion for reconsideration of the denial of appointed counsel, (D.E. 124), is DENIED.

ORDERED this 16th day of July 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE